UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALBERT P. MALVINO, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-401 |
| | § | |
| PAUL A. DELLUNIVERSITA, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER ON MOTION TO TRANSFER VENUE

Before the Court is Defendants' Motion to Transfer Venue (D.E. 9). Plaintiff, as Representative of the Estate of Bonnie Pereida, Deceased, has filed suit against Defendants Paul A. Delluniversita and PCA Collectibles, Inc. alleging mail fraud and wire fraud under the Racketeer Influenced and Corrupt Organizations Act (RICO), common law fraud, and violations of the Texas Deceptive Trade Practices Act (DTPA), along with numerous other causes of action, with respect to multiple telephone sales of collectible coins to Plaintiff's Decedent. Defendants seek a transfer of venue to the Eastern District of New York under *forum non conveniens* principles. 28 U.S.C. § 1404(a). For the reasons set out below, the Motion is DENIED.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The statute indicates, and the case law is well-established, that there are private and public factors to consider. Each will be considered in turn, with the

burden of proof to show good cause for the transfer resting on the Defendants as movants. *In re Volksagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) (*per curiam*; citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

Defendants discount the convenience of the Plaintiff and his sources of proof, alleging that the only witness to the transactions from the Plaintiff's perspective is deceased and that the Dead Man's Rule will preclude Plaintiff's evidence. At this time, the application of the Dead Man's Rule is speculative. It is apparent that there will be contested issues and thus witness testimony regarding Decedent's alleged infirmity, investment experience, and capacity to make investment decisions.

Plaintiff has explained the identity and necessity of his appraisers as "key" witnesses, that they are not retained or controlled by him, and thus compulsory process available in Texas is important to his case. In their Motion, Defendants did not name any particular witnesses they intend to call, but did mention their appraisal experts from New York in their Reply. This argument simply trades the inconvenience of Defendants for the equivalent inconvenience to Plaintiff, which is not an appropriate basis for a transfer of venue. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 826 (S.D. Tex. 1993).

Plaintiff has also demonstrated that he intends to offer the coins for the jury's view. In the event that such evidence is permitted, there are logistical issues regarding the safekeeping of the evidence that favor this Court's venue. In sum, the private factors weigh against the requested transfer of venue.

Defendants claim to have a mandatory forum selection clause appearing in notes titled "Terms of Sale," placed at the bottom of their invoices for the coins sold. That clause reads, "5. All transactions are deemed to take place in New York, as *a* place of venue, under the Suffolk County and New York State Law." D.E. 9-2 (emphasis added). Questions have been raised as to whether this provision is a contractual term, is ambiguous, and should be construed against Defendants as drafters. There are also questions whether, if enforceable at all, it states a mandatory or permissive venue.

The Court declines to apply this "term of sale" as a contractual determination of mandatory venue. It is obscure boilerplate, added by Defendants for the convenience of Defendants, bears no indication of being a negotiated term, and does not unequivocally treat New York as exclusive venue. *Tenneco, Inc. v. Greater LaFourche Port Comm'n*, 427 F.2d 1061, 1065 (5th Cir. 1970) (construing ambiguous terms against the drafter); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956 (5th Cir. 1974) (*per curiam*; forum selection clause is only permissive when it does not prohibit litigation elsewhere); *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (describing the difference between mandatory and permissive venue provisions); *Couch v. First Guaranty Limited*, 578 F.Supp. 331, 333 (N.D. Tex. 1984) (refusing to enforce forum

selection clause where obscure, boilerplate, for convenience of drafter, and not freely bargained for); *Cutter v. Scott & Fetzer Co.*, 510 F.Supp. 905 (E.D. Wis. 1981) (same).

The cases upon which Defendants rely for their proposition that this clause was a mandatory forum selection clause are distinguishable on the language of the respective terms. *E.g., In re Fireman's Fund Ins. Co.*, 588 F.2d 93, 94 (5th Cir. 1979) ("the venue of such suit or action **shall be** laid in the County of Essex and State of New Jersey" (emphasis added)); *Sterling Forest Associates v. Barnett-Range Corp.*, 840 F.2d 249, 250 (4th Cir. 1988) ("the parties agree that in any dispute jurisdiction and venue **shall be** in California" (emphasis added)), *abrogated on other grounds, Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976 (1989) (denying interlocutory appeal of venue decision); *Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 765 (3rd Cir. 1984) ("venue for any proceeding relating to the provisions hereof **shall be** Salt Lake County, State of Utah" (emphasis added)). The language of the subject clause merely states that New York is "a" place of venue. Even if the Court were inclined to disregard the other issues surrounding the negotiation and placement of the clause, it is at best permissive and does not eliminate a Texas action.

The public interest factors to be considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagon AG, supra*.

The Federal Court Management Statistics maintained by the Administrative Office of the United States Courts reflect a disadvantage in trying this case in the Eastern District of New York, as the per-judgeship civil filings and dispositions indicate heavier caseloads and longer time frames for completion of cases. Although there is a judicial vacancy in the Corpus Christi Division, given the other factors to be weighed and balanced, this Court's current workload is not a sufficient basis for transfer of venue.

There are no arguments in favor of transfer that are related to the "local interest in having localized interests decided at home." The effects of the alleged wrongdoing are felt in Corpus Christi, Texas. Defendants have not raised any issue that there are local interests in New York that must be addressed.

With respect to the governing law, the Court has rejected application of the "terms of sale" as a forum selection clause. The Court has not been presented with, and has not decided, any question of choice of law that makes any law other than Texas law the law governing this case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938) (where federal jurisdiction is based on diversity, the law of the forum state generally governs). Thus, this Court's familiarity with Texas law weighs against transfer as do the public factors, generally.

As the Fifth Circuit observed, these factors "are not necessarily exhaustive or exclusive. Moreover, we have noted that 'none . . . can be said to be of dispositive weight.' " *Volkswagen of America*, 545 F.3d at 315 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). With the burden of showing good cause for the transfer of this case under the doctrine of *forum non conveniens* placed

on Defendants, and having weighed the factors that the parties have briefed as relevant, the Court holds that transfer of venue is not warranted in this case. The Motion to Transfer Venue (D.E. 9) is DENIED.

ORDERED this 1st day of May, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE